## ABATEMENT OF ACTION TO CANCEL CERTIFICATE.

Circuit Court of Summit County.

STATE OF OHIO, EX REL HENRY M. HAGELBARGER, PROSECUTING ATTORNEY, v. THE NEW YORK LIFE INSURANCE CO.

Decided, April, 1907.

*Actions—May be Abated by Lapse of Time.*

Where the only relief which plaintiff could, in any event, have had is rendered obsolete by the lapse of time since the petition was filed, the petition will be dismissed.

*F. S. Monnett* and *Musser, Kohler & Mottinger,* for plaintiff in error.

*Garfield, Howe & Westenhaver,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This cause came on to be heard upon several motions of the defendant, one of which is in substance a plea in abatement founded upon the proposition that the only relief which plaintiff could in any event have had is rendered obsolete by the lapse of time since the petition was filed.

The defendant is a foreign corporation which, at the time of the filing of the petition herein, was licensed by the certificate

of the superintendent of insurance, issued pursuant to Sections 284 and 3604, Revised Statutes, to transact the business of life insurance in Ohio. The former section provides that such cer- tificates so issued shall expire "on the first day of April next after they were issued." The defendant's certificate in force at the commencement of this proceeding expired April 1, 1906.

The object of this proceeding is to oust the defendant from doing business in the state and to appoint trustees to wind up its unfinished business in Ohio. The alleged grounds for this re- lief are substantially that its said certificate was obtained by false and fraudulent statements to the superintendent of insur- ance.

Inasmuch, however, as the certificate in question has expired, the case falls within the principle announced in *Security Mutual Life Ins. Co.* v. *Preqitt,* 200 U. S., 466, the syllabus whereof is as follows:

"Where in a suit to cancel the revocation of an annual permit to do business in a state, the permit has ceased, since the writ of error was filed, to have any effect, and the plaintiff in error could not do business, even if successful without obtaining a new permit, an event has occurred which renders it impossible for this court to grant any relief, and, as only an absolute question remains to be decided, the writ of error will be dismissed."

It is true that on rehearing it was held, in 202 U. S., 246, that:

"A writ of error having been dismissed, after full argument, as being a moot case, on mistaken assumption of fact justified by the record, and the petitions for rehearing showing facts on which substantial relief can be granted the application for re- hearing is allowed and the case decided on the merits on the arguments already made."

But the duration of the certificate here in question is not alleged to be nor could it possibly be extended by renewal *pendente lite,* so as to prevent abatement of the action as was done under the laws of Kentucky in the case above cited.

It is said, however, that there still exist executory contracts of life insurance entered into in this state, under color of the cer- tificate fraudulently procured, whereon premiums are to be col-

lected, options allowed, and losses adjusted, and that these afford a sufficient subject-matter whereon to found our jurisdiction.

But though a foreign life insurance company's certificate of authority to transact business in this state were revoked for sufficient cause, the prohibition to transact its business thenceforward in Ohio would not extend to the winding up of business already undertaken. In such case, Section 277, Revised Statutes, provides that:

"It is unlawful for the agents of such company to procure any new applications for insurance or to insure any new policies."

No policy holder is here invoking relief in respect to any business transacted or policy issued in this state, under color of the authority conferred by the certificate in question, and this court will not assume jurisdiction thus to act in their behalf alone when no public interest is involved.

If this company is still doing new business in this state, it must be presumed to be transacting it in virtue of a new certificate of authority, issued by the superintendent of insurance since this action was begun, and in obedience to the laws of Ohio governing the subject.

We do not deem it necessary to discuss the other questions presented. The petition is dismissed.